1

2

3

4

5

6

O

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANTHONY GREGG,                    ) Case No. CV 12-3223-JPR
                                  )
              Plaintiff,          )
                                  )
         vs.                      ) MEMORANDUM OPINION AND ORDER
                                  ) REVERSING COMMISSIONER AND
                                  ) REMANDING FOR FURTHER
CAROLYN W. COLVIN, Acting         ) PROCEEDINGS
Commissioner of Social            )
Security,[1]                      )
                                  )
              Defendant.          )
                                  )

## I.    PROCEEDINGS

Plaintiff seeks review of the Commissioner's final decision denying his application for Social Security Supplemental Security Income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter is before the Court on the parties' Joint Stipulation, filed January 3, 2013, which the Court has taken under submission without oral argument. For the

---

[1] On February 14, 2013, Colvin became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court therefore substitutes Colvin for Michael J. Astrue as the proper Respondent.

1  reasons stated below, the Commissioner's decision is reversed and

2  this matter is remanded for further proceedings.

3  **II.  BACKGROUND**

4       Plaintiff was born on June 10, 1956, and has an 11th-grade

5  education.  (Administrative Record ("AR") 49, 143.)  He

6  previously worked as a salesperson and a spray painter.  (AR 17,

7  85.)

8       Plaintiff filed an application for SSI on September 15,

9  2006.[2]  (AR 78, 86.)  In a written decision issued on April 25,

10 2008, an Administrative Law Judge ("ALJ") determined that

11 Plaintiff was not disabled through the date of the decision.  (AR

12 78-86.)  Plaintiff did not request review of the ALJ's April 25,

13 2008 decision.  (AR 9.)

14      On July 23, 2009, Plaintiff filed another application for

15 SSI.  (AR 9, 143-64.)  Plaintiff alleged that he had been unable

16 to work since July 12, 2009, because of respiratory and renal

17 failure, chronic obstructive pulmonary disease (COPD),

18 hyperlipidemia, neuropathy in both lower extremities, diabetes,

19 pancreatitis, depression, dialysis, heart problems, headaches,

20 colitis, and high blood pressure.  (AR 87, 96.)  His application

21 was denied initially, on November 17, 2009 (AR 72, 87-91), and

22 upon reconsideration, on February 25, 2010 (AR 73, 96-101).

23      On March 12, 2010, Plaintiff requested a hearing before an

24 ALJ.  (AR 103-04.)  A hearing was held on February 2, 2011, at

25 which Plaintiff, who was represented by counsel, appeared and

26

27        [2]   Plaintiff had also filed SSI applications on December 13,
28 2004, and June 30, 2005, which were both denied at the initial and
   reconsideration levels.  (See AR 78.)

testified.  (AR 40, 48-71.)  In a written decision issued on February 18, 2011, the ALJ determined that Plaintiff was not disabled.  (AR 9-18.)  On March 3, 2011, Plaintiff requested review of the ALJ's decision.  (AR 37.)  On February 8, 2012, the Appeals Council denied Plaintiff's request for review.  (AR 1-5.) This action followed.

**III.  STANDARD OF REVIEW**

       Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It is more than a scintilla but less than a preponderance.  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Id. at 720-21.

IV.   **THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months.   42 U.S.C. § 423(d)(1)(A); <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257 (9th Cir. 1992).

A.   <u>The Five-Step Evaluation Process</u>

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled.   20 C.F.R. § 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).   In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied.   § 416.920(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and the claim must be denied.   § 416.920(a)(4)(ii).   If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.   § 416.920(a)(4)(iii).   If the

4

claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[3] to perform her past work; if so, the claimant is not disabled and the claim must be denied. § 416.920(a)(4)(iv).  The claimant has the burden of proving that she is unable to perform past relevant work.  <u>Drouin</u>, 966 F.2d at 1257.  If the claimant meets that burden, a prima facie case of disability is established.  <u>Id.</u>  If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy.  § 416.920(a)(4)(v).  That determination comprises the fifth and final step in the sequential analysis. § 416.920; <u>Lester</u>, 81 F.3d at 828 n.5; <u>Drouin</u>, 966 F.2d at 1257.

B.  <u>The ALJ's Application of the Five-Step Process</u>

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since July 23, 2009, his most recent application date.  (AR 12.)  At step two, the ALJ concluded that Plaintiff had "the following conditions of ill-being: diabetes mellitus with retinopathy and peripheral neuropathy; hypertension, status post cerebrovascular accident; hyperlipidemia; and chronic obstructive pulmonary disease."  (<u>Id.</u> (citation omitted.)) The ALJ further found that the combination of these impairments

---

[3]  RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  20 C.F.R. § 416.945; <u>see</u> <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1  causes significant limitation in the claimant's ability

2  to perform basic work activities.  Therefore, the

3  claimant has a severe impairment.

4  (Id.)  At step three, the ALJ determined that Plaintiff's

5  impairments did not meet or equal any of the impairments in the

6  Listings.  (AR 13.)  At step four, the ALJ found that Plaintiff

7  retained the RFC to perform light work[4] except "he can

8  occasionally climb ramps and stairs, but he must never climb

9  ladders, ropes, or scaffolds; and he can occasionally balance,

10 stoop, kneel, crouch, and crawl."  (AR 14.)  Based on the

11 vocational expert's testimony taken by the prior ALJ before his

12 April 25, 2008 decision, the ALJ concluded that Plaintiff could

13 perform his past relevant work as a salesperson as generally

14 performed in the national economy.  (AR 17.)  Accordingly, the

15 ALJ determined that Plaintiff was not disabled without reaching

16 step five of the evaluation process.  (AR 18.)

17 **V.   RELEVANT FACTS**

18    On September 23, 2009, Plaintiff was examined by consulting

19 internist Dr. John Sedgh.  (AR 784-88.)  After reviewing

20 Plaintiff's medical records and performing a physical

21

22

23    [4]    "Light work" is defined as involving "lifting no more
than 20 pounds at a time with frequent lifting or carrying of
24 objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  The
regulations further specify that "[e]ven though the weight lifted
25 may be very little, a job is in this category when it requires a
good deal of walking or standing, or when it involves sitting most
26 of the time with some pushing and pulling of arm or leg controls."
Id.  A person capable of light work is also capable of "sedentary
27 work," which involves lifting "no more than 10 pounds at a time and
occasionally lifting or carrying [small articles]" and may involve
28 occasional walking or standing. § 416.967(a)-(b).

examination, Dr. Sedgh opined that Plaintiff retained the RFC for light work except that he could only occasionally kneel, crouch, or stoop. (Id.)

In November 2009, state-agency nonexamining physician Dr. P. N. Ligot completed a physical RFC assessment and indicated that Plaintiff's diagnoses included hypertension, status post cerebral vascular accident, and respiratory failure/chronic obstructive pulmonary disease. (AR 905-10.) Dr. Ligot opined that Plaintiff retained the RFC for light work except that he could only occasionally climb, stoop, kneel, crouch or crawl and should never balance. (AR 906-07.) Moreover, because of Plaintiff's COPD/respiratory failure and status post-cerebral vascular accident, he should avoid concentrated exposure to hazards and even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (AR 908.) These findings were confirmed by state-agency nonexamining physician Dr. R. E. Brooks on February 25, 2010. (AR 936-38.)

Before engaging in the five-step analysis, the ALJ noted that Plaintiff failed to seek review of the ALJ's April 25, 2008 decision denying his application "and therefore, that decision is administratively final." (AR 9.) As a result, the ALJ found that "there is a presumption of non-disability arising from" that decision and that in order to overcome the presumption, Plaintiff "must prove 'changed circumstances' indicating a greater disability established by new and material evidence." (AR 9-10.) The ALJ concluded that Plaintiff "failed to rebut the presumption of continuing non-disability" and therefore "I must adopt" the findings contained in the prior ALJ's April 25, 2008 decision.

7

(AR 10.)

At step two, the ALJ stated that his findings were based on the prior ALJ's analysis of the medical records, "introduced as collateral estoppel" and "corroborated by the current medical evidence[.]" (AR 12.)  In assessing Plaintiff's physical impairments, the ALJ noted that he gave "particular emphasis" to the opinions of Dr. Sedgh and the state-agency nonexamining physicians, which he found to be "persuasive."  (Id.) Thereafter, in determining Plaintiff's RFC, the ALJ again noted that he based his assessment "primarily" on the opinions of the nonexamining physicians and Dr. Sedgh, "who found the claimant capable of light work."  (AR 14.)  The ALJ explained that "it is evident that the State Agency doctors essentially adopted the prior Administrative Law Judge decision and found no material change of circumstance, as do I."  (Id. (citation omitted).)

**VI.  DISCUSSION**

Plaintiff alleges that the ALJ erred in determining that Plaintiff had not overcome the continuing presumption of nondisability arising from the ALJ's April 25, 2008 decision denying Plaintiff's prior SSI application.  (J. Stip. at 3-7, 10-12.)  Specifically, Plaintiff contends that his COPD is a "new impairment" that was not raised in his prior application or considered by the prior ALJ in his April 25, 2008 decision.  (J. Stip. at 5.)  According to Plaintiff, "[t]he presence of this new impairment that previously was not considered constitutes a change[] in circumstances that precluded the application of *res judicata*."  (Id.)  Finally, Plaintiff notes that the nonexamining state-agency physician opined that Plaintiff suffered limitations

8

related to his COPD that did not exist during the prior period, which "further demonstrates that there has been a change in circumstances" precluding the application of res judicata. (J. Stip. at 5.)

    A.  Applicable Law

    "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). "Normally, an ALJ's findings that a claimant is not disabled 'creates a presumption that the claimant continued to be able to work after that date.'" Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (quoting Lester, 81 F.3d at 827). "The presumption does not apply, however, if there are 'changed circumstances.'" Lester, 81 F.3d at 827 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)); accord Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3 ("When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption . . . by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period[.]"). Examples of changed circumstances precluding the application of res judicata to a subsequent unadjudicated period of alleged disability include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category, as defined in the Medical-Vocational Guidelines," "where the claimant raises a new issue, such as the

9

existence of an impairment not considered in the previous application," and "where the claimant was unrepresented by counsel at the time of the prior claim." Lester, 81 F.3d at 827-28 (citations omitted); see also Acquiescence Ruling 97-4(9), 1997 WL 724758, at *3 (explaining that examples of changed circumstances include "a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability").

    B.    Analysis

    The ALJ's determination that Plaintiff failed to rebut the presumption of continuing nondisability arising from the ALJ's April 25, 2008 decision is not supported by substantial evidence. Specifically, Plaintiff alleged a new impairment, COPD, in his most recent application, and the ALJ determined, at step two, that in combination with his other conditions it amounted to a severe impairment. (AR 12, 87, 96-97.) Therefore, Plaintiff's COPD was a new impairment that was not considered by the prior ALJ in his April 25, 2008 decision. (Compare AR 9-18 with AR 78-86.) Because Plaintiff alleged, and the ALJ determined, that Plaintiff has a new impairment that was not considered by the prior ALJ, it was improper for the ALJ to apply the presumption of continuing nondisability when deciding the instant SSI application. See, e.g., Lester, 81 F.3d at 828 (holding that plaintiff's allegation of new impairment that was not raised in prior application or addressed in prior decision and change in plaintiff's age category each independent reason precluding

10

application of res judicata); <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d
789, 792 (9th Cir. 1997) (finding presumption of nondisability
rebutted by evidence of diagnosis of new impairment and evidence
that previous impairment had become increasingly severe, either
of which could have been basis for finding of disability either
independently or when aggregated with all of plaintiff's
preexisting infirmities); <u>Vasquez</u>, 572 F.3d at 597-98 (holding
that "because Vasquez raised a new issue not before ALJ Stacy and
entered the 'closely approaching advanced age' category, it was
improper for ALJ Rogers to apply a presumption of continuing non-
disability when deciding Vasquez's second application"). 
Defendant argues that because the ALJ did not find that
Plaintiff's COPD was a "severe" impairment, the ALJ properly gave
res judicata effect to the prior ALJ's decision. (J. Stip. at
9.)  The Ninth Circuit, however, rejected this argument in
<u>Vasquez</u> and found it "irrelevant, because . . . a claimant
defeats the presumption of continuing nondisabilty by raising a
new issue in a later application." <u>Vasquez</u>, 572 F.3d at 598 n.9.
The Ninth Circuit explained that "all an applicant has to do to
preclude the application of res judicata is raise a new issue in
the later proceeding." <u>Id.</u> (citation omitted).  Acquiescence
Ruling 97-4(9) requires only a "'changed circumstance' affecting
the issue of disability," not necessarily a severe impairment.
1997 WL 742758, at *3.

Moreover, although the evidence does seem to support the
ALJ's finding that Plaintiff is not disabled, the Court cannot
conclude that the ALJ's error in giving res judicata effect to
the prior ALJ's April 25, 2008 decision was harmless.  The ALJ

clearly adopted the opinions of Drs. Sedgh, Ligot, and Brooks in
assessing Plaintiff's RFC (AR 12, 14-15), but he failed to
include or even discuss the environmental limitations opined by
Dr. Ligot as a result of Plaintiff's respiratory failure/COPD and
status post-cerebral vascular accident. (Compare AR 12 with AR
908.) In addition, the VE testimony relied upon by the ALJ in
determining that Plaintiff could perform his past relevant work
as a salesman was offered at the hearing before the prior ALJ
and, thus, did not include the environmental limitations opined
by Dr. Ligot. (AR 17.) As a result, there is no VE testimony to
support a finding that Plaintiff could perform his past relevant
work – or any other work – if the environmental limitations
opined by Dr. Ligot were incorporated into Plaintiff's RFC.
Therefore, the Court cannot conclude that the ALJ's disability
determination would have been the same had he found that
Plaintiff had rebutted the presumption of continuing
nondisability and not given res judicata effect to the prior
ALJ's decision.

    In sum, the ALJ's determination that Plaintiff failed to
rebut the continuing presumption of nondisability arising from
the prior ALJ's decision was not supported by substantial
evidence, and Plaintiff is entitled to reversal on that basis.
On remand, the ALJ shall reassess whether Plaintiff is disabled
without giving res judicata effect to the ALJ's April 25, 2008
decision.

**VII. CONCLUSION**

    When error exists in an administrative determination, "the
proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002) (citations and quotation marks omitted); <u>Moisa v. Barnhart</u>, 367 F.3d 882, 886 (9th Cir. 2004). Accordingly, remand, not an award of benefits, is the proper course in this case. <u>See Strauss v. Comm'r of Soc. Sec. Admin.</u>, 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability). As noted above, on remand, the ALJ shall reevaluate Plaintiff's claim of disability without giving res judicata effect to the prior ALJ's April 25, 2008 decision.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of the Commissioner is REVERSED; (2) Plaintiff's request for remand is GRANTED; and (3) this action is REMANDED for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 4, 2013

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge